SUCCESSORS OF JOSÉ HERNAIZ, PLAINTIFFS AND APPELLEES, *v.* ROMERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt.

No. 1707.—Decided June 7, 1918.

PARTNERSHIP—REGISTRY OF ARTICLES.—The statutory requirements as to the registry of articles of partnership were enacted for the protection of parties doing business with the partnership, as well as third persons in general, from such terms and conditions contained in the partnership agreement as otherwise might prejudice strangers thereto. They were never intended to serve as a pretext for the open repudiation of a solemn promise to pay an acknowledged debt by one whose sole purpose in raising the technical point of failure to show recorded articles of partnership is to evade the direct obligation of his contract with the firm.

ID.—MORTGAGE—CONJUGAL PARTNERSHIP—CONSENT OF WIFE.—As the suit is not upon the mortgage, but for the debt which the defendant in the same

instrument expressly acknowledged and promised to pay, the express consent of the wife of the debtor was not necessary for the acknowledgment of the debt, the act being purely one of management of the property of the conjugal partnership.

The facts are stated in the opinion.

*Mr. E. Márquez Huertas* for the appellant.

*Mr. Manuel Ginorio* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1904 defendant-appellant executed a mortgage to secure a debt therein acknowledged, amounting to $1,058 to be paid in two instalments of $529 each on August 30 of 1904 and 1905.

In addition to the evidence for plaintiff as to various demands for payment, defendant himself introduced in evidence a receipt for $128 dated May 24, 1906, reducing the amount claimed by plaintiff to $700, for which sum, together with legal interest thereon, judgment was rendered.

After a specific denial, following the language of the complaint, that plaintiff is "a mercantile partnership in liquidation in the hands of José Trueba Monsuri," and a general denial of all other facts alleged by plaintiff, defendant set up by way of special defence that the indenture of acknowledgment of debt and execution of mortgage attached to the complaint was void by the terms of section 1328 of the Civil Code for want of consent and of signature by the wife of defendant; that during a period of moral depression and bad health defendant signed the document because of the violent attitude of the agents of the plaintiff partnership; that for more than eleven years no demand for payment had been made upon defendant, and that the action was barred by subdivision 3 of section 1867 and sections 1862, 1870 and 1871 of the Civil Code and section 943 of the Code of Commerce.

Appellant insists that the court erred as follows:

"1. In recognizing capacity to sue in the partnership 'Successors of José Hernaiz, in liquidation' when the articles of partnership

were not offered in evidence at the trial, but only certain documents relating to said partnership, none of which appears to have been recorded in the mercantile registry.

"2. In giving force and effect to the mortgage agreement contained in the instrument attached to the complaint, when such agreement or indenture is wholly void by law for want of the signature and consent of the wife of the defendant.

"3. In considering such credit as matured, even if it had existed at all, because the agreement contained in said indenture being void inasmuch as the object thereof was to create a mortgage, the clause inserted therein fixing installments is without effect, and in any event, even if the amount be owed at all, it would be an obligation without a fixed term and therefore not yet recoverable.

"4. In not considering such credit as barred, even in case it had existed."

The statutory requirements as to registry of articles of partnership were enacted for the protection of parties doing business with the partnership, as well as third persons in general, from such terms and conditions contained in the partnership agreement as otherwise might prejudice strangers thereto. They were never intended to serve as a pretext for the open repudiation of a solemn promise to pay an acknowledged debt by one whose sole purpose in raising the technical point of failure to show recorded articles of partnership is to evade the direct obligation of his contract with the firm. The proof of the actual existence of the partnership was ample, and, aside from any question as to the manner in which the matter of record is raised, if at all, by the pleadings, it does not lie in the mouth of the defendant in this case to challenge the legal capacity of plaintiff. The proposition relied upon by appellant is not entirely *res nova* in this court. See *Quintana Bros.* v. *Ramírez & Co.*, 22 P. R. R. 707; *Betancourt* v. *Anguiano*, 24 P. R. R. 1.

It is a sufficient answer to the second assignment to say that the suit is not upon the mortgage, but for the debt which defendant in the same instrument expressly acknowledged and promised to pay. *Vivaldi* v. *Mariani*, 10 P. R. R. 420.

The argument in support of the third assignment, in so far as it is undisposed of by the preceding paragraph, does not call for serious consideration.

The proposition involved in the fourth assignment is plainly untenable. 12 Manresa (2nd edition) 825; 11 Martínez Ruiz, 308.

The judgment appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.